UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHARMAINE DIXON,

                                   Plaintiff,

   -against-

CITY OF NEW YORK, POLICE OFFICER GALVIN FERGUSON, Shield No. 2902, individually and in his official capacity, POLICE OFFICER DAVID TERRELL, Shield No. 16032, individually and in his official capacity, and POLICE OFFICER "JANE" VAZQUEZ, individually and in her official capacity,

                                   Defendants.
------------------------------------------------------------------------X

Docket No. 14 CV 4930 (LAP)

**DECLARATION OF FRANK POE, ESQ. IN OPPOSITION OF DEFENDANTS' MOTION TO DISMISS**

**FRANK POE**, an attorney duly admitted to practice law in the State of New York, declares under the penalty of perjury and pursuant to 28 U.S.C. §1746, that the following is true and correct based upon a file maintained by this office:

I am an associate attorney of HELD & HINES, LLP, attorneys for the plaintiff. As such, I am familiar with the facts and circumstances of this action based upon a file maintained by this office.

I make this declaration in opposition to the Defendants' motion seeking dismissal of Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff's Second Amended Complaint plausibly pleads 42 U.S.C. §1983 claims against the defendants for malicious prosecution and municipal liability, requiring denial of Defendants' Motion to Dismiss. See, Exhibit A for the Second Amended Complaint ("SAC") referenced in passim herein. The SAC plausibly pleads enough facts to state valid claims against the Defendants.

1

In her SAC, Plaintiff alleges that the defendant officers maliciously initiated a prosecution against her in an attempt to cover up their excessive use of force upon her (See Exhibit B for Report). Plaintiff alleges that after the unlawful use of force, she was arrested without probable cause and charged with resisting arrest and obstructing governmental administration, in an attempt to justify and cover up the officers' illegal conduct, and that these bogus charges were ultimately dropped more than 19 months after her arraignment.

The Plaintiff also satisfactorily alleged §1983 claims against the City of New York based upon a widespread pattern and practice of failing to train their officers on how to de-escalate situations prior to using force, failing to properly record and recount the events beyond generic and vague statements, and further, that the City's training and supervision of NYPD officers is grossly inadequate; and that all of which were the moving forces behind the constitutional violations suffered by Plaintiff. These allegations are unmistakably directed toward the Defendants of the 42nd precinct, poignant and pertinent to the subject incident of this case, and are pled in such a way that there is no question that the Plaintiff has plausibly alleged claims for which relief can be granted.

In light of the foregoing and the attached Memorandum of Law, Plaintiff has plausibly pleaded claims for malicious prosecution and <u>Monell</u> liability, and Defendants' motion to dismiss should be denied in its entirety.

Dated:  Brooklyn, New York
        September 19, 2016                         _____/s/_____
                                                   Frank Poe, Esq. (FP4514)
                                                   HELD & HINES, LLP
                                                   2004 Ralph Avenue
                                                   Brooklyn, NY 11234
                                                   (718) 531-9700

To:   <u>via First Class Mail and email</u>
      ZACHARY W. CARTER

2

Joseph Gutmann, Esq.
Assistant Corporation Counsel
Special Federal Litigation Division
Corporation Counsel for the
City of New York
*Attorney(s) for the Defendant(s)*
100 Church Street, Room 3-138
New York, NY 10007
(212) 356-2659
jgutmann@law.nyc.gov