14 Civ. 4930 (PGG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARMAINE DIXON,

Plaintiff,

-against-

CITY OF NEW YORK, POLICE OFFICER GALVIN
FERGUSON, Shield No. 2902, individually and in his
official capacity, POLICE OFFICER DAVID TERRELL,
Shield No. 16032, individually and in his official
capacity, POLICE OFFICER "JANE" VAZQUEZ,
individually and in her official capacity, and POLICE
OFFICERS "JOHN DOES 1-5" OF THE 42ND
PRECINCT ON MARCH 15, 2011, individually and in
their official capacities, fictitious names used to identify
presently unknown police officers,

Defendants.

**DEFENDANTS' REPLY SUPPLEMENTAL
BRIEFING IN FURTHER SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S SECOND
AMENDED COMPLAINT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York,*
*Ferguson, Terrell and Vazquez*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: Joseph Gutmann*
*Tel:  (212) 356-2659*
*Matter No. 2014-027946*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CHARMAINE DIXON,

                                    Plaintiffs,

                                                            14 Civ. 4930 (PGG)

                    -against-

CITY OF NEW YORK, POLICE OFFICER GALVIN
FERGUSON, Shield No. 2902, individually and in his
official capacity, POLICE OFFICER DAVID TERRELL,
Shield No. 16032, individually and in his official capacity,
POLICE OFFICER "JANE" VAZQUEZ, individually and
in her official capacity, and POLICE OFFICERS "JOHN
DOES 1-5" OF THE 42ND PRECINCT ON MARCH 15,
2011, individually and in their official capacities, fictitious
names used to identify presently unknown police officers,

                                    Defendants.

 ------------------------------------------------------------------------ x

## DEFENDANTS' REPLY SUPPLEMENTAL BRIEFING IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

        Defendants City of New York, Police Officer Galvin Ferguson, Police Officer

David Terrell, and Police Officer Jason Vasquez, sued herein as Police Officer "Jane" Vazquez, by

their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully

submit this reply supplemental briefing in further support of their motion to dismiss the Second

Amended Complaint, pursuant to Fed. R. Civ. P. Rule 12(b)(6).

## PRELIMINARY STATEMENT

        Defendants City of New York, Police Officer Galvin Ferguson, Police Officer

David Terrell, and Police Officer Jason Vasquez, sued herein as Police Officer "Jane" Vazquez, by

their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully

submit this supplemental briefing in support of their motion to dismiss the Second Amended Complaint, pursuant to Fed. R. Civ. P. Rule 12(b)(6).

On September 29, 2016, defendants moved to dismiss plaintiff's Second Amended Complaint in its entirety. On May 12, 2017, the Court ordered the parties to provide supplemental briefing addressing certain issues relating to plaintiff's municipal liability claim under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). On May 22, 2017, defendants served their supplemental briefing on plaintiff. On June 1, 2017, plaintiff served her supplemental briefing in further opposition on defendants. Defendants submit their reply supplemental briefing herein.

## ARGUMENT

### POINT I

### PLAINTIFF HAS NOT SHOWN THAT THE SECOND CIRCUIT'S RULING IN ASKINS V. DOE IS APPLICABLE TO THE INSTANT MATTER

As noted in defendants initial supplemental briefing, in Askins v. Doe, 727 F.3d 248 (2d Cir. 2013), the Second Circuit held that plaintiff's claim of municipal liability against the City of New York "should not have been dismissed by reason of [the officer's] entitlement to qualified immunity and the untimeliness of [plaintiff's] suit against the Doe defendants." Askins, 727 F.3d at 255. Plaintiff echoes this ruling in her supplemental briefing noting that "[t]he Court in Askins states that *even if* the individual officers somehow enjoyed qualified immunity despite their actions, the municipality *does not* escape liability for that reason." Pl.'s Supp. Br. at 3. Defendants in this matter are not moving for dismissal of plaintiff's municipal liability claim based on defendants' entitlement to qualified immunity. Rather, defendants are moving based in the simple fact that plaintiff, in her Second Amended Complaint, has failed to plead sufficient facts to demonstrate that the City has a custom or policy as alleged by plaintiff. The Court in Askins explicitly noted that this basis for a motion to dismiss a municipal liability claim is entirely appropriate. Askins, 727

F.3d at 255. ("The court may, of course, return to the question whether the amended complaint appropriately pleads that the torts of the police officers resulted from a custom or policy of the City.")  Plaintiff makes no argument that Askins stands for the proposition that defendants cannot move for dismissal based on plaintiff's failure to plead sufficient facts to demonstrate a City custom or policy.  As such, the Second Circuit's ruling in Askins, as it relates to dismissal by reason of entitlement to qualified immunity, is inapplicable to the instant matter.

**POINT II**

**PLAINTIFF FAILS TO DISTINGUISH THE
PLAINTIFF'S PLEADING IN BODDIE FROM
THE INSTANT MATTER**

As noted in defendants' original moving papers, the Court in Boddie v. City of New York, 15-CV-4275 (GHW), 2016 U.S. Dist. LEXIS 50248, (S.D.N.Y. Apr. 13, 2016) held that the October 2015 report entitled "Police Use of Force in New York City: Findings and Recommendations on NYPD's Policies and Practices" by the Office of the Inspector General for the NYPD ("OIG Report"), was not sufficient to sustain a Monell claim.

In her supplemental briefing, plaintiff attempts to distinguish the plaintiff's pleading from Boddie by stating that the plaintiff in Boddie never alleged that "the City was aware of and was deliberately indifferent to their conduct" whereas the plaintiff in the instant case had done so by citing from the OIG Report.  Pl.'s Supp. Br. At 4.  As an initial matter, this is untrue.  The plaintiff in Boddie specifically alleged that:

> The incident that Plaintiff complains of is not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evident and finding officers incredible as a matter of law, that a disturbing number of the City's police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obvious illegal actions of their fellow

3

> officers.   Nevertheless the City has allowed policies and practices
> that allow the aforementioned to persist.

Amended Complaint in the matter of <u>Boddie v. City of New York</u> ("Boddie Am. Compl."),
annexed herein as Ex. A at ¶ 53).  Plaintiff further argues that the OIG Report "itself defines and
details notice to the City of their deliberate indifference to their conduct."  Pl.'s Supp. Br. At 5.  If
this were true, plaintiff's Second Amended Complaint which does not attach the entire OIG Report
is even more inadequate than the pleading in <u>Boddie</u>, as the plaintiff in <u>Boddie</u> attached the entire
OIG Report as an exhibit to his complaint – and still got dismissed for failure to state a claim.

       Plaintiff further undermines her argument that the instant matter is distinguishable
from <u>Boddie</u> (in a favorable way to plaintiff) by arguing that notice can be inferred from a variety
of sources of notice of unconstitutional acts.  Pl.'s Supp. Br. At 5-6.  Plaintiff cites two cases in
support of this argument, namely <u>Walker v. New York</u>, 974 F.2d 293 (2d Cir. 1992) and <u>Floyd v.
City of New York</u>, 959 F. Supp. 2d 540 (S.D.N.Y. 2013).  Notwithstanding that these cases do
nothing to distinguish the instant matter from <u>Boddie</u>, plaintiff's citation to these cases as support
for the argument that the City has notice to constitutional violations is misguided.  The OIG Report
at issue in <u>Boddie</u> and in the instant matter discussed use of force only.  <u>Walker</u>, on the other hand,
discusses whether or not the City is on notice of deliberate indifference regarding Brady violations
on the part of the District Attorney's office.  <u>Floyd</u> discusses sources of notices to the City relating
to stop and frisks.  Neither of these cases discuss any sources of notice for the use of excessive
force, and are therefore entirely irrelevant to the instant matter.

       In addition, plaintiff's supplemental briefing entirely fails to rebut defendants'
argument and distinguish the case of <u>Delorbe-Bell v. City of New York</u>, 15-CV-2344 (LGS), 2016
U.S. Dist. LEXIS 49363 (S.D.N.Y. Apr. 12 2016) which held that plaintiff could not establish a
plausible inference of a failure to discipline on the basis of the report and that the OIG Report itself

undermined the argument that the City was tacitly endorsing the use of force without justification. Specifically, the Court held that "[w]hile the OIG Report identifies specific areas for improvement in NYPD training programs, it does not describe deficiencies that are 'so obvious' or 'so likely to result in a deprivation of federal rights' that they would support a plausible inference of deliberate indifference."  Id. at *9 (citing Reynolds v. Giuliani, 506 F.3d 183, 192 (2d. Cir. 2007); City of Canton v. Harris, 489 U.S. 378, 392 (1989)).

Because plaintiff has failed to distinguish either Boddie or Delorbe-Bell from the instant matter, the rulings in those cases should apply and plaintiff's claim for municipal liability should be dismissed.

## POINT III

### PLAINTIFF HAS FAILED TO OPPOSE DEFENDANTS' ARGUMENT THAT THE PLEADING IN MARLIN V. CITY IS DISTINGUISHABLE FROM THE INSTANT MATTER

In defendants' supplemental briefing, defendants argued that the case of Marlin v. City of New York, 15-CV-2235 (CM), 2016 U.S. Dist. LEXIS 122426 (S.D.N.Y., Sept. 7 2016) is distinguishable from the instant matter because (a) the amount of physical force cases addressed in the OIG Report that could have possibly put the City on notice at the time of the incident *in this matter* was, at a maximum, 57 - a statistically insignificant sample size; and (b) the Court in Marlin based its holding on the presence of *two* publications in the plaintiff's complaint, one of which was directly related to the plaintiff in that matter and the circumstances surrounding his arrest.

As an initial matter, plaintiff in her supplemental briefing does not even attempt to address the latter argument.  As for defendants' first argument regarding the statistically insignificant number of physical force cases, plaintiff responds that the amount of cases is sufficient to put the City on notice of a risk to constitutional injury.  Pl.'s Supp. Br. at 8.

5

Plaintiff cites the case of <u>Jones v. Town of E. Haven</u>, 691 F.3d 72, 81 (2d Cir. 2012) in purported support of this argument.  However, plaintiff fails to disclose the full standard set forth by the Court in that case:

> To establish deliberate indifference a plaintiff must show that a policymaking official was aware of constitutional injury, or the risk of constitutional injury, but failed to take appropriate action to prevent or sanction violations of constitutional rights. "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action."  We have held that demonstration of deliberate indifference requires a showing that the official made a conscious choice, and was not merely negligent.

<u>Id.</u>  Therefore, plaintiff's argument fails because it cannot be reasonably argued that the mere fact that there were 57 allegations (or likely less) of excessive use of physical force over a four year period, some of which were substantiated by the CCRB, is sufficient to show that the City made a conscious choice to intentionally disregard a constitutional injury at the time of the incident in this matter.

Plaintiff further argues that the amount of cases was sufficient to put the City on notice by stating that the incident in <u>Marlin</u> "occurred in 2012, only one year after the incident in the instant action, and yet, the judge in <u>Marlin</u> found that there was ample notice to the City."  Of the allegations regarding physical force discussed in the OIG Report, 29 occurred in 2012.  (<u>See</u> Excerpt of OIG Report, annexed to Def's Supp. Br. as Ex. A at p. 11)  Put together with the 57 allegations previously discussed, there were a maximum total of 86 allegations of which the City could have been on notice in <u>Marlin</u>, as opposed to 57 in the instant matter.  While it is questionable whether even 86 allegations are statistically significant, the number under consideration in <u>Marlin</u> represented a 50% increase over the amount of allegations under consideration in the instant matter.  Therefore, and especially since plaintiff has failed to even

6

attempt to rebut defendants' argument that the Court in <u>Marlin</u> based its holding on the presence of *two* publications in the plaintiff's complaint, one of which was directly related to the plaintiff in that matter and the circumstances surrounding his arrest, the factors upon which the Court in <u>Marlin</u> based its decision are meaningfully distinguishable from those at issue here. As such, the rulings in <u>Boddie</u> and <u>Delorbe-Bell</u> should apply and plaintiff's claim for municipal liability should be dismissed.

### POINT IV

### PLAINTIFF'S HAS FAILED TO REBUT DEFENDANTS' ARGUMENT THAT PLAINTIFF'S CLAIM FOR MUNICIPAL LIABILITY IS TIME-BARRED

Plaintiff argues in her supplemental briefing that her <u>Monell</u> claim did not accrue until the release of the OIG Report in 2015. Pl.'s Supp. Br. at 10. As an initial matter, this argument undermines plaintiff's argument that the City was on notice of the OIG Report for the purposes of the <u>Monell</u> claim. If plaintiff is not considered to have been on notice until 2015 because the underlying data from the OIG Report had not yet been published, then the City cannot be considered to have been on notice of an unlawful custom and policy (and subsequently disregarded same) by way of a small sampling of data being analyzed by a yet-to-be-published study that was only just underway at the time of the incident.

Moreover, plaintiff does not address defendants' argument that, based on plaintiff's own pleading, plaintiff had actual knowledge of alleged falsified information and a conspiracy which, at a minimum, rendered plaintiff responsible for determining the relevant facts regarding a claim for municipal liability. Defs.' Supp. Br. at 9-10. As such, although plaintiff may not have been on notice of the OIG Report at the time of the incident, she was on notice based on her own allegations. Plaintiff's *own complaint* alleges that members of the NYPD used excessive force and

7

lied in an effort to cover up their dishonesty, and that this cover-up was supported by "the City, its agents, servants, and/or employees."  (Pl's Second Am. Compl. at ¶¶ 44)  Therefore, based on plaintiff's own allegations in her complaint, plaintiff had notice sufficient to initiate the accrual of her purported <u>Monell</u> claim well before July 1, 2011.  Because plaintiff did not file her initial pleading in this action until July 1, 2014, any such <u>Monell</u> claim is time-barred and should be dismissed.

<u>**CONCLUSION**</u>

For the reasons stated herein and in defendants' original moving papers and initial supplemental briefing, defendants City of New York, Police Officer Ferguson, Police Officer Terrell, and Police Officer Vazquez respectfully request that the Court dismiss the plaintiff's Second Amended Complaint in its entirety, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated:        New York, New York
              June 8, 2017

                              ZACHARY W. CARTER
                              Corporation Counsel of the
                               City of New York
                              *Attorney for Defendants City of New York, Ferguson,*
                              *Terrell, and Vazquez*
                              100 Church Street, Room 163
                              New York, New York 10007
                              (212) 356 - 2659

                              By:   _____/s_____
                                    Joseph Gutmann
                                    *Assistant Corporation Counsel*
                                    Special Federal Litigation Division

8

To:    Honorable Paul G. Gardephe (By Hand upon full briefing)
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Phillip M. Hines, Esq. (By First Class Mail)
Held & Hines, LLP
*Attorneys for Plaintiff*
2004 Ralph Avenue
Brooklyn, New York 11234